```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

ONE RIVER PLACE CONDOMINIUM                       CIVIL ACTION
ASSOCIATION, INC.

versus                                            NO. 07-1305

AXIS SURPLUS INSURANCE COMPANY, ET AL             SECTION: E/3

**O R D E R**

Defendant Axis Surplus Insurance Co. ("Axis") filed Objections to and/or Appeal of Magistrate Judge Knowles' ruling on a Motion to Compel filed by plaintiff One River Place Condominium Association, Inc. ("ORP"). R.d. #11. ORP filed a timely Response, to which Axis filed a Reply. The matter was considered on the memoranda and record, without oral argument. For the reasons that follow, Axis' appeal is overruled.

**BACKGROUND**

ORP, the condominium association for a residential property located in New Orleans at the foot of Poydras Street on the Mississippi River, provides operation, administration and management for the 81 condominium units and owners in the property. Axis provided commercial property insurance for the property from December 2004 through December 2005, covering both property damage and losses for business interruption. In late August of 2005, the property and its appurtenances suffered physical damages as a result of Hurricane Katrina, as well as loss of business income of approximately $300,000 for the months of September and October 2005, incurred when ORP waived the residents' condominium fees because the condominium

complex was uninhabitable during those months.

ORP made a claim on its Axis insurance policy for physical damage and the losses due to business interruption. Axis assigned GAB Robbins North America, Inc. ("GAB") to adjust ORP's claim, and GAB engaged Young & Associates ("Young") to perform the necessary inspections and provide reports to Axis. On October 11, 2005, Axis forwarded a check for $300,000 to ORP, which ORP believed covered the business interruption claim. In July 2006, Axis completed the adjustment of ORP's claim. It delivered a check for an amount that ORP considered to be grossly inadequate, and deducted the $300,000 previously paid from the amount paid for physical damages. In a letter dated June 14, 2006, addressed to ORP's David Lafaso from GAB's W. Van Meredith, on behalf Axis, Axis' adjuster explained that Axis had requested an opinion from its counsel as to the business interruption claim, and that its counsel advised Axis that the claimed loss was not covered under the terms of the policy because (1) the loss was caused by ORP's voluntarily act; (2) the voluntary waiver of assessments falls within the "and other consequential loss" exclusion; (3) the assessment could also be subject to the "suspension of any contract" exclusion; and (4) ORP arguably violated the resumption of operations and mitigation of damages clauses in the policy as the waiver actually increased damages. The letter further stated: "For the above stated reasons AXIS Surplus Insurance Company is denying liability for the waived association fees during the

months of September and October of 2005."[1]

ORP filed this lawsuit in federal court pursuant to diversity jurisdiction, 28 U.S.C. § 1332.  The suit alleges, *inter alia*, breach of contract and tort damages, including penalties for bad faith under Louisiana law, specifically La. R.S. §§ 22:658 and 1220.  On August 22, 2007, ORP propounded interrogatories and requests for production of documents to Axis, including any documents reflecting internal communications regarding its determination of the amount of its tender to settle ORP's claims under its policy.  Dissatisfied with the limited discovery responses, which lacked any internal documents reflecting its consideration of ORP's claims, ORP filed a motion to compel.  On April 29, 2008, at r.d. #108, Magistrate Judge Knowles granted the motion in large part.  Axis' appeal concerns only that part of the Magistrate Judge's order requiring production to ORP of the opinion letter from Axis' counsel regarding ORP's business interruption claim, which was quoted by Axis' adjuster as the basis for its denial of that particular claim.

## **ANALYSIS**

This Court may modify or set aside Magistrate Judge Knowles' discovery order compelling Axis' production of the coverage letter only if that ruling is "clearly erroneous and contrary to

---

[1] A copy of the letter is found at r.d. #9, Ex. "C" of ORP's Reply to Axis' Response Memorandum to ORP's Motion to Compel.

law." Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995), *citing* Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985), *cert. denied*, 107 S.Ct. 116 (1986) (citing 28 U.S.C. §636(b)(1)(A)).

Louisiana law[2] provides that "[a] person upon whom the law confers a privilege against disclosure waives the privilege if he voluntarily discloses or consents to disclosure of any significant part of the privileged matter." La. Code of Evid. Art. 502(A). The Louisiana Supreme Court has explained that partial disclosure in the pre-trial context "may cause unfairness comparable to partial disclosure at trial in that it distorts an opponent's settlement evaluations and obstructs his ability to prepare effectively for trial." Succession of Smith v. Kavanaugh, Pierson & Talley, 513 So. 2d 1138, 1145 (La. 1987).

In its Objections to and/or Appeal of the Magistrate Judge's Order, Axis argues that GAB's letter to ORP made only a minimal disclosure and did not disclose a "significant part" of the ten page coverage opinion at issue and therefore did not waive the attorney-client privilege, and that Axis should have been given the option of waiver or stipulation that it would not rely on the coverage opinion as a basis for denying ORP's claim (a "placing-at-issue" waiver). The Court agrees with ORP that Magistrate Judge Knowles' ruling is well reasoned and correct. As that he

---

[2]In this diversity action, Louisiana law applies to this claim.

explained in his ruling, GAB's letter to ORP

> selectively discloses a significant portion
> of the substance of that otherwise privileged
> communication (an opinion letter) and states
> that it is for these reasons (reasons set
> forth in the opinion letter) that Axis denied
> liability for the waived association fees.

Magistrate Judge Knowles' <u>MINUTE ENTRY</u>, p.5, r.d. #108. Having already let the horse out, it is too late for Axis to close the barn door.  Magistrate Judge Knowles' discovery order is neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that Axis' Objections to and/or Appeal of the Magistrate Judge's Order, **IS OVERRULED.**

New Orleans, Louisiana, June 4, 2008.

_____
UNITED STATES DISTRICT JUDGE
MARCEL LIVAUDAIS, JR.