UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ONE RIVER PLACE CONDOMINIUM ASSOCIATION, INC.** | * * * * | **CIVIL ACTION** |
| | | **NO. 07-1305** |
| **AXIS SURPLUS INSURANCE COMPANY ET AL** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Defendant Axis Surplus Insurance Company's Motion for Partial Summary Judgment (Rec. Doc. No. 51). For the following reasons, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. Plaintiff One River Place Condominium Association, Inc. ("ORP") alleges that Hurricane Katrina caused extensive damage to Plaintiff's 81-unit complex known as One River Place located at 3 Poydras Street, in New Orleans, Louisiana. ORP operates, administers and manages the complex. Defendant Axis Surplus Insurance Company ("Axis") provided insurance for the property with a limit of $53,350,000. Plaintiff alleges that it incurred property damage as well as substantial loss of business income for the months of September and October 2005 due to its inability to operate the property as a result of the mandatory evacuation caused by Hurricane Katrina.

Axis assigned GAB Robins North America, Inc. (GAB Robins) to adjust the claim, and GAB Robins engaged Young and Associates to perform inspections. Plaintiff claims Defendants breached their duty to adjust ORP's claims fairly, causing unreasonable delay in the resolution of ORP's claims. Plaintiff has also named XYZ Insurance Company, which provided

errors and omissions coverage to Defendants. Plaintiff asserts bad faith, breach of contract, failure to make timely payment, and seeks damages and specific performance, as well as penalties, attorneys' fees and costs pursuant to La. Civ. Code art. 1997 and La.Rev.Stat. § 22:1220 (now La.Rev.Stat. § 22:1973) and La.Rev.Stat. § 22:658 (now La.Rev.Stat. § 22:1892). The Defendants have answered and denied liability.

The Plaintiff also asserts a violation of Emergency Rule 23, alleging that this rule precludes an insurer whose insured's commercial property was damaged by Hurricane Katrina from canceling or failing to renew any commercial property insurance until sixty days after the substantial completion of the repairs and/or reconstruction of the commercial property. The policy, set to expire December 15, 2005, was extended to February 15, 2006 by an endorsement, and then the parties agreed to extend coverage until March 1, 2006. Coverage was then extended to June 1, 2006. Axis sent a notice of cancellation on March 1, 2006, and again on March 27, 2006. The Plaintiff claims that the second notice was not accompanied by any notice indicating that coverage would in fact be extended beyond the June 1, 2006 cancellation date. Because of this, ORP alleges that it obtained alternative but unequal coverage with a more expensive premium.

On March 30, 2007, this case was transferred from Judge Zainey to Judge Livaudais. On October 15, 2007, this case was consolidated with 06-11400 (*Trestman*) before this Court. On May 13, 2008, the order of consolidation was vacated and new trial dates were selected. On January 6, 2009, the case was transferred to this Section.

Axis filed several motions for partial summary judgment, set for hearing on April 22, 2009. On April 22, 2009, the Court denied Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims for Bad Faith (Rec. Doc. No. 53), Motion for Partial Summary

Judgment on the Issue of Business Interruption Damages (Rec. Doc. No. 57), Motion for Partial Summary Judgment Regarding Lack of Coverage for Betterments and Pre-Existing Damage (Rec. Doc. No. 59) and GAB Robins' Motion for Summary Judgment alleging that as the adjuster it had no duty to the Plaintiff (Rec. Doc. No. 63). The Court granted Defendant Axis' Motion for Partial Summary Judgment on Plaintiff's Claims for Double Damages, Attorneys' Fees, and Costs (Rec. Doc. No. 55), limiting penalties available under La. Rev. Stat. § 22:658 to 25%. The Court deferred ruling on the Motion of Defendant Axis for Partial Summary Judgment on the Issue of Axis' Alleged Violation of Emergency Rule 23 (Rec. Doc. No. 51) as factual issues existed as to the original motion but Defendant urged new arguments on the eve of oral argument, asserting that the Plaintiff lacked standing to bring a Rule 23 claim. The Court granted the Plaintiff five (5) days to respond to the arguments. The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

## II. MOTION AND ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812

F.2d 265, 272 (5th Cir. 1987).

The Defendant asserts that the Plaintiff does not have a private right of action against Axis under Emergency Rule 23. Axis takes the position that the Insurance Commissioner has exclusive authority to regulate insurance under the Louisiana Constitution, and Rule 23 contains no provision creating a private right of action. Further, since the Department of Insurance investigated Axis in this matter and took no action against Axis, the Court should find that Plaintiff has no private right of action for damages under Rule 23. The Defendant further argues that evidence of its violation of Rule 23 is inadmissible to prove Plaintiff's claims of bad faith, and that Plaintiff as a corporation cannot recover on its claim for emotional distress resulting from the alleged violation.

In response, the Plaintiff cites several cases finding that a private right of action exists under Emergency Rule 23. *See, e.g., Historic Restoration*, 2006-1178 (La. App. 4 Cir. 3/21/07) 955 So.2d 200. There is no case law finding that there is no private right of action under Rule 23. Further, the Plaintiff argues that Axis misled the Department of Insurance. Finally, the Plaintiff argues that Defendant's violation of the rule is admissible to prove Plaintiff's bad faith claims, as evidence that the Defendant misrepresented insurance policy provisions relating to coverage.

Emergency Rule 23 states "The right of any insurer... to cancel or nonrenew any ... commercial property insurance policy covering...commercial property located in Louisiana that sustained damage as a result of Hurricane Katrina or its aftermath ... is suspended and shall be prohibited until 60 days after the substantial completion of the repair and/or reconstruction of the ...commercial property." The purpose of the Rule was to "afford maximum consumer protection for the insureds of Louisiana who desire to maintain or obtain personal residential, commercial

residential or commercial property insurance for a dwelling, residential property or commercial property located in Louisiana." ER 23 §4321.

Courts have repeatedly indicated that a private right of action exists under Emergency Rule 23. *See, e.g., Belmont Commons, L.L.C. v. Axis Surplus Ins. Co.*, 2008 WL 2945928 (E.D.La. 2008) (recognizing a private right of action under Emergency Rule 23 for a claim for damages); *Dillard University, et al v. Lexington Insurance Company, et al*, 466 F. Supp.2d 723 (E.D.La. 2006); *Historic Restoration, Inc. v. RSUI Indem. Co.*, 2006-1178 (La.App. 4th Cir.3/21/2007), 955 So.2d 200, 206. "Emergency Rule 23 was promulgated with the intent that an insured...would have a private right of action in a court of law against its insurer if the insured is of the opinion that its insurer has violated Emergency Rule 23." *Dillard University v. Lexington Ins. Co.*, 466 F.Supp.2d 723 (E.D. La. 2006). The Defendant's argument in its original motion for summary judgment that it advised the Plaintiff that coverage would continue, and Defendant's argument that Plaintiff suffered no damages, are heavily disputed. Genuine issues of material fact exist as to whether the Defendant violated Emergency Rule 23. However, the Court finds that a private right of action exists under Emergency Rule 23 and the Defendant's motion for summary judgment on this issue is denied.

The court in *Belmont Commons* noted "Axis argument that the Rule 23 claim is precluded because the Commissioner's office failed to issue any citation is without merit." *Belmont Commons, L.L.C. v. Axis Surplus Ins. Co.*, 2008 WL 2945928, *3 (E.D. La. 2008). "Emergency Rule 23 ... does not provide that the Commissioner of Insurance must first review the claim and determine whether adjudication is warranted prior to a claim being triggered." *Id*. Thus, the fact that the Department of Insurance took no action against Axis does not preclude recovery by the Plaintiff.

The Defendant next argues that evidence of a violation of Rule 23 is inadmissible to prove bad faith. To the extent that Plaintiff seeks to recover damages under some broad, general duty of good faith, such is not permitted by La.Rev.Stat. § 22:1220 (now La.Rev.Stat. § 22:1973) and La.Rev.Stat. § 22:658 (now La.Rev.Stat. § 22:1892). *See Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So.2d 184, 188-93. However, the Defendant's communication with the Plaintiff giving rise to its purported violation of the Rule may provide factual support for the Plaintiff's argument that Defendant violated La.Rev.Stat. §22:1220(B)(1) (now La.Rev.Stat. §22:1973(B)(1)), "Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Thus, to the extent Defendant seeks summary judgment precluding evidence of Axis' alleged statements that the policy would be cancelled, in violation of Emergency Rule 23, the Defendant's motion is denied.

The Defendant's final point is that the Plaintiff cannot recover for emotional distress damages arising out of the purported violation of Emergency Rule 23. The Court notes that a person cannot recover in tort for mental anguish resulting from injuries suffered by another. *Jenkins v. Ouachita School Board*, 459 So.2d 143 (La.App. 2d Cir.1984). If a corporation has sustained a loss then only that corporation, and not its shareholders, can sue to recover it. *L&L Industries v. Progressive National Bank*, 535 So.2d 1156 (La. App. 2 Cir. 1988). Further, neither corporations nor limited liability companies can incur damages for mental anguish or emotional distress. *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, 2009 WL 86671 (E.D. La. Jan. 13, 2009); *AT&T Corp. v. Columbia Gulf Transmission Co.*, 2008 WL 4585439 (W.D. La. Sept. 15, 2008). Because the Plaintiff and the named insured in this case is a corporation, the Court finds that emotional distress of board members and unit owners as a result of Defendant's alleged violation of Emergency Rule 23 is not recoverable by ORP. Accordingly, the

Defendant's motion for summary judgement with regard to emotional distress damages under Emergency Rule 23 is granted.

## III. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant Axis Surplus Insurance Company's Motion for Partial Summary Judgment (Rec. Doc. No. 51) is GRANTED in part and DENIED in part.

New Orleans, Louisiana this 7th day of May, 2009.

_____
UNITED STATES
DISTRICT JUDGE