UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ONE RIVER PLACE CONDOMINIUM | * | CIVIL ACTION |
| ASSOCIATION, INC. | * | |
| | * | |
| VERSUS | * | NO. 07-1305 |
| | * | |
| AXIS SURPLUS INSURANCE | * | SECTION "L" (3) |
| COMPANY ET AL | * | |

## ORDER & REASONS

Pending before the Court is the Motion for Judgment as a Matter of Law and for New Trial filed by Plaintiff One River Place (Rec. Doc. No. 233). The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

### I. BACKGROUND

This case arises out of property damage to One River Place (hereinafter "ORP") as a result of Hurricane Katrina. The Court has previously summarized the factual and procedural history of this case.[1] On the 10th day of June, 2009 this Court entered judgment in favor of the Plaintiff in accordance with the jury's award. Taking into account the amount the Plaintiff had already been paid, the jury found that the plaintiff was entitled to an additional $286,688.67 for property damage.

### II. MOTION & ANALYSIS

On June 26, 2009 the Plaintiff filed a Motion for Judgment as a Matter of Law, or

---

[1] *See* Rec. Doc. No. 129.

1

alternatively, Motion for a New Trial.[2] Plaintiff asserts that it is entitled to post-trial relief because no reasonable juror could have found that: 1) Axis did not violate Emergency Rule 23; 2) ORP did not suffer more property damages and business interruption damages than awarded by the jury; and 3) Axis was responsible for bad faith penalties for its improper conduct. Additionally ORP argues that it is entitled to a new trial based on the improper closing arguments of Axis' counsel and because ORP received an improper damage award as a result of the jury's confusion regarding Question 2 on the verdict form. Alternatively, ORP argues that it is entitled to additur.

### a. Motion for Judgment as a Matter of Law

Plaintiff has moved for judgment as a matter of law pursuant to Rule 50(a).[3] Judgment as a matter of law is appropriate with respect to a given issue if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." Fed. R. Civ. P. 50(a)(1). "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict." *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004). In applying this standard, "the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weight the evidence, as those are jury functions." *Id.*

### b. Motion for New Trial

---

[2]*See* Rec. Doc. No. 233.

[3]*Id.*

The Plaintiff has also filed a Rule 59 motion for a new trial.[4] Federal Rule of Civil Procedure 59 provides that a new trial may be granted "on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E. D. La. Oct.27, 2006).

### c. Analysis

The Court finds no basis for overturning the jury's decision finding that the Defendant did not violate Emergency Rule 23. At trial Axis provided sufficient evidence to the jury, such that the jury was able to conclude that ORP voluntarily chose to not renew its coverage with Axis. Even though ORP was not permitted to show policy limits to the jury, Plaintiff was allowed to use percentages which represented coverage amounts. Accordingly, the jury had sufficient information before it to understand the difference in coverage. The Court further finds that the Defendant set forth various facts, such as the Plaintiff's failure to request a renewal of coverage and e-mails indicating that ORP was looking to replace its current insurer, which could lead a jury to find that the Defendant did not violate Rule 23. As the Court stated in its instructions to the jury, Rule 23 maintains the insured's right to modify his or her insurance

---

[4] *See* Rec. Doc. No. 233.

3

policies or purchase a new policy from another insurer. Specifically, Rule 23 does not require an insured to purchase a renewed policy nor does it prevent or prohibit an insured from voluntarily entering into an agreement with an insurer to modify the coverage, limits, terms, endorsements, exclusions or deductibles. Thus, the jury had a reasonable basis to conclude that the Defendant engaged in no violation of Rule 23.

Plaintiff's second issue of contention that the jury made an insufficient finding of damages is, in the eyes of the court, misplaced. ORP prevailed and was awarded damages by the jury; however, ORP disagrees with the total amount of damages that the jury awarded. ORP had ample opportunity to present its damages in the form of numerous exhibits, testimony and persuasive arguments of counsel, none of which convinced the jury to award the Plaintiff the amount of damages that it requested. The Court declines to grant the Plaintiff a second bite at the apple. The jury had conflicting evidence before it regarding whether ORP could collect condominium fees during the time for which it claimed business interruption damages. Further, Plaintiff's arguments, that Defendant's witnesses had inadequate experience or did not timely inspect the roof, and that Defendant did not set forth its own evidence regarding the costs Plaintiff incurred to repair the property, constitute issues of credibility and judgment requiring a factual determination that was appropriately made by the jury. Additionally, jury interrogatory number two was included, unaltered, on the verdict form at ORP's insistence.[5] Why the jury awarded the amount that it provided is an issue of speculation. The Court will not amend its judgment on the basis of such speculation; therefore the Court finds that the jury's verdict was

---

[5] *See* Rec. Doc. No. 220 at p. 1 (Order & Reasons denying ORP's Motion to Interview Jurors). The Court further notes that ORP made no objections at trial with regard to the requested interrogatory.

not against the weight of the evidence and the Court declines to grant Plaintiff's request for additur.

Furthermore the Court finds that the jury had sufficient evidence to disagree with ORP's contention that Axis arbitrarily and capriciously failed to pay ORP. This Court has stated before that, "in bad faith actions against an insurer, the insured bears a considerable burden because 'the insured is seeking extra-contractual damages, as well as punitive damages.'" *Chateau Argonne Condominium Ass'n v. State Farm Ins. Co.,* Civ. Al No. 06-7627, slip op. At 7 (E.D. La. Sept. 19, 2008) (Fallon, J.). In support of its position that Axis did not act in bad faith, Axis set forth evidence that it: did not delay in paying the interior damages while inspecting the exterior of the property, paid the additional glass damage once it was able to confirm that there was in fact a miscount, paid the withheld depreciation early, and presented evidence that ORP withheld providing the Lyons & Hudson documents required to process the claim. In this case, all the Court can be certain of is that the jury returned a verdict declining to find that the Defendant was subject to statutory penalties. The Court cannot attempt to guess or speculate upon the details of the jury's rationale for reaching a verdict.

Finally, the Court finds that the actions of Defense counsel during closing arguments does not warrant a new trial. Indeed, the jury was instructed to disregard the exhibit created by the Defense, and that the jury's decision should be based solely upon the testimony and other evidence. The jury is presumed to follow the instructions of the Court. *See Richardson v. Marsh,* 481 U.S. 200, 211 (1987); *United States v. Akpan,* 407 F.3d 360, 368 (5th Cir. 2005). Furthermore this was a sophisticated jury consisting of a lawyer and an insurance agent. There is no evidence that the jury disregarded the Court's instructions and relied on inadmissible

evidence. As the jury was properly instructed in this area, the Court declines the Plaintiff's invitation to engage in speculation regarding the jury's adherence to the Court's instructions.

Considering all of the testimony and evidence presented at trial with respect to these issues, and drawing all reasonable inferences in favor of the Defendants, the Court concludes that the jury's verdict does not lack a "legally sufficient evidentiary basis." Fed. R. Civ. P. 50(a). The Court further concludes that not one of the jury's findings on any of the claims submitted to it is against the weight of the evidence. Moreover, the Court finds that this case has been litigated fairly and that the ends of justice have undoubtedly been served in this matter therefore there is no cause for a new trial.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for Judgment as a Matter of Law and for New Trial (Rec. Doc. No. 233) be and are hereby DENIED.

New Orleans, Louisiana, this 4th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE