**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ONE RIVER PLACE CONDOMINIUM** | * | **CIVIL ACTION** |
| **ASSOCIATION, INC.** | * | |
| | * | |
| **VERSUS** | * | **NO. 07-1305** |
| | * | |
| **AXIS SURPLUS INSURANCE** | * | **SECTION "L" (3)** |
| **COMPANY ET AL** | * | |

## ORDER & REASONS

Pending before the Court is the Defendant Axis Surplus Insurance Company's

(hereinafter "Axis") Motion to Review Clerk of Court's Taxation of Costs (Rec. Doc. No. 250).

The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence,

is fully advised and now ready to rule.

## I.    BACKGROUND

This case arises out of property damage to One River Place (hereinafter "ORP") as a

result of Hurricane Katrina. The Court has previously summarized the factual and procedural

history of this case. (Rec. Doc. No. 129).  On June 10, 2009 this Court entered judgment in favor

of the Plaintiff in accordance with the jury's award, plus costs. (Rec. Doc. No. 221). Taking into

account the amount the Plaintiff had already been paid, the jury found that the plaintiff was

entitled to an additional $286,688.67 for property damage.  ORP subsequently submitted a Bill

of Costs totaling $59,255.22.  On July 10, 2009, the Clerk of Court taxed Defendant AXIS with

$50,238.82 in costs incurred by ORP after finding that $9,016.40 of ORP's submitted costs were

not recoverable.

## II.    MOTION & ANALYSIS

On July 17, 2009, the Defendant Axis filed a Motion to Review Clerk of Court's Taxation of Costs. (Rec. Doc. No. 250).  Axis asserts that ORP should not be entitled to costs and that this Court should order each side to bear its own costs.  Axis further argues that should this Court find the taxation of costs against Axis proper, the amount taxed against Axis should be $21,771.64, a reduction of $28,467.18 from the Clerk of Court's taxation determination.  Axis argues this reduction is necessary as specific claims ORP has made are not recoverable under 28 U.S.C. §1920 (2008).  Further, Axis argues that ORP has not met its burden of proof for a portion of the recoverable costs submitted.

### a. Assignment of Costs

Defendant argues that each side should bear their own costs because both sides prevailed on certain issues in the case.  Specifically, Plaintiff prevailed on a property damage claim and a business interruption claim while Defendant successfully defended and prevailed on Plaintiff's Emergency Rule 23 and bad faith claims.  Defendant points out that the Plaintiff was awarded a minimal judgment in light of what was originally sought.  ORP relies on this Court's previous determination that Defendant should bear all costs in this matter.

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court directs otherwise."  Fed.R.Civ.P. 54(d)(1).  The Fifth Circuit strongly presumes that a court will award costs to a prevailing party.  *Sally v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).  Despite this presumption, the court has some discretion in determining whether to award or reduce costs to the prevailing party.  *See Energy*

*Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006); *see also Three-Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 999 (5th Cir. 1976) ("Rule 54(d)...gives [the district court] discretion to order that each party bear part of all of its own costs."); *Provenza v. State Farm Fire and Cas. Co.*, No. 06-7319, 2008 WL 4938451, at *2 (E.D. La. Nov. 17, 2008) ("Rule 54(d)(1) does provide the district court with the discretion to deny or reduce the costs awarded to the prevailing party."). If a court declines to award costs to the prevailing party, it must state reasons for doing so. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

This Court finds no reason, nor does Defendant offer a persuasive one, to deny awarding costs to the prevailing party. While Defendant argues that Plaintiff did not prevail on all claims, "[a] party need not prevail on all issues to justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983); *see also Three-Seventy Leasing Corp.,* 528 F.2d 993, 999 (finding that an award of nominal damages suffices to make a plaintiff a prevailing party for the purpose of awarding costs). ORP is awarded full costs.

**b. Recoverable Costs under §1920**

Axis argues that the Clerk of Court has improperly taxed Axis with costs that are not recoverable under 28 U.S.C. §1920 and costs that, while sometimes recoverable, have not been proved adequately by ORP. Axis agrees that $21,771.64 of ORP's costs are proper and disputes the remaining $28,467.18. Axis argues that Plaintiff's document imaging fees, copying fees for discovery of documents, and much of Plaintiff's printing fees are either not recoverable under §1920 or have not been proven as necessary costs under §1920.

### 1. Document Imaging & Discovery Costs

Axis argues that document imaging costs, or the costs of scanning documents into electronic format are not ever recoverable under §1920, and alternatively, that even if recovery was permitted, ORP has failed to establish that document imaging was necessary in this case and not merely done for the convenience of counsel. ORP responds that document scanning was necessary for discovery and is taxable. ORP states that they produced approximately 10,114 documents in response to Axis discovery requests. They further allege that converting those documents into PDF form and placing them on a CD saved time and money as compared to producing photocopies.

Taxation of costs by the clerk of court is subject to de novo review by the district court. *Sigur v. Emerson Process Management*, 2008 WL 1908590, *2 (M.D. La 2008). 28 U.S.C. §1920 (4) identifies recoverable costs as including "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Discovery can often lead to voluminous document exchange. Today's technologies allow counsel to exchange "copies" of those documents electronically, reducing time and cost. ORP's costs to copy over 10,000 documents which Axis sought to discover would be a recoverable cost. There is no indication that the cost of producing these documents electronically was more expensive, or that it occurred in conjunction with what would be a duplicative cost of sending paper copies as well. This court will not punish ORP for choosing the more efficient, electronic method of producing copies. ORP's document imaging costs are recoverable under §1920.

### 2. Printing Fees/ Burden of Proof

Axis argues that ORP's printing costs are unsupported. Further, Axis alleges that ORP included costs that should be attributed to prosecution of claims against other defendants who settled with plaintiffs prior to trial. Axis references ORP's Reply to Axis' Objection to Plaintiff's Bill of Costs which lists costs related to discovery with GAB, a defendant who settled with Axis prior to trial. ORP responds that the Clerk of Court already subtracted ORP's request for costs by the amount spent by ORP in responding to discovery requests propounded by GAB. ORP argues that all remaining costs sought by ORP were made necessary by Axis and would have been incurred regardless of whether other defendants were named in the case.

The Court has reviewed the Clerk of Court's determination of costs and finds that the costs taxed are fully supported by invoices and a chart detailing categories of costs, as well as a supporting affidavit from counsel. It would be unduly burdensome for ORP to be required to itemize each individual copy or print out. Counsel need only demonstrate a connection between the costs incurred and the litigation, which they have done in the chart accompanying the submitted invoices.

### 3. Discovery Materials

Axis contends that costs for copying documents for discovery are not taxable. Costs related to the copying of documents are allowed if the materials were necessarily obtained for use in the case. A single set of documents produced in a case is indeed taxable as a cost, including a set of discovery documents. *See Stearns Airport Equip. Co., Inc. V. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) ("we have never held that a district court may not award a litigant the cost of preparing a single set of the documents in a case"); *H.M. Harrington v. Texaco, Inc.,*

339 F.2d 814, 822 (5th Cir. 1965) ("the power of the trial Judge to tax as costs the necessary and reasonable expenses incurred in discovery procedures can hardly be doubted"). This Court finds that the Clerk of Court correctly assessed costs for a single set of discovery documents.

### 4. Bench Books

Axis contests costs associated with ORP's Bench Books. This Court mandated, in its Pre-Trial Notice that the parties provide the Court, the jury, and opposing counsel with Bench Books. Thus, the production of these books, and the supplies needed to create them, were necessary materials in the case, and are taxable costs. Supplies for these books are not simply overhead, which would not be recoverable.

The overtime fees that were assessed in making these books are permissible in this instance as a result of the Court's ruling on the eve of trial that any references to policy limits or deductibles be redacted from the exhibits.

### 5. Miscellaneous

Axis contests several other charges from individual invoices submitted to the Clerk of Court. This Court finds that all such charges assessed against Axis were proper with the exception of the $20.92 assessed for a FedEx shipment. Costs for postage are not taxable. *See Ducote Jax Holdings, L.L.C. et al., v. Bank One Corp., et al.,* 2007 WL 4233683 at *6.

The Court finds no basis for overturning the Clerk of Court's decision with regards to taxation, except for the charge assessed for a FedEx shipment in the amount of $20.92. Axis must reimburse Plaintiff for costs in the amount of $50,217.90.

**III.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion to Review

Clerk of Court's Taxation of Costs (Rec. Doc. No. 250) is hereby GRANTED IN PART and

DENIED IN PART.

New Orleans, Louisiana, this 13th day of January, 2010.

_____
UNITED STATES DISTRICT JUDGE